# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MEEKS, | CASE NO. 1:03-CV-6700-REC-LJO-P |
| Plaintiff, | ORDER DENYING MOTION SEEKING LEAVE TO ALLOW INMATE FRANCIS TO PROSECUTE PLAINTIFF'S CASE OR IN THE ALTERNATIVE FOR APPOINTMENT OF COUNSEL |
| v. | |
| K. ALLISON, et al., | |
| Defendants. | (Doc. 41) |

Plaintiff Gary Meeks ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Allison, Degeus, Parson, and Klarich ("defendants") on plaintiff's Eighth Amendment claims of deliberate indifference to plaintiff's medical and dental needs. On May 10, 2005, plaintiff filed a motion seeking leave of court to allow inmate Louis Francis to prosecute this action on plaintiff's behalf. In the alternative, plaintiff seeks the appointment of counsel. Defendants did not file a response to the motion.

Inmate Francis, who is a non-lawyer, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, plaintiff's motion for leave to allow inmate Francis to represent plaintiff must be denied.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

1

1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  The court is unable to find that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Terrell</u>, 935 F.2d at 1017.  Therefore, plaintiff's motion for the appointment of counsel must be denied.

Based on the foregoing, plaintiff's motion seeking leave of court to allow inmate Louis Francis to prosecute this action on plaintiff's behalf or in the alternative for the appointment of counsel, filed May 10, 2005, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   June 28, 2005**             /s/ Lawrence J. O'Neill
i0d3h8                                  UNITED STATES MAGISTRATE JUDGE