1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   GARY MEEKS,                              CASE NO. 1:03-CV-6700-REC-LJO-P

10                     Plaintiff,            ORDER DENYING DEFENDANTS' MOTION
                                             TO STRIKE PLAINTIFF'S OPPOSITION, AND
11         v.                                GRANTING DEFENDANTS FIFTEEN DAYS
                                             TO FILE A REPLY TO PLAINTIFF'S
12   K. ALLISON, et al.,                     OPPOSITION

13                     Defendants.           (Doc. 43 and 45)

14

15   _____/

16         Plaintiff Gary Meeks ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 8, 2005, defendants Allison,

18   DeGeus, Parsons, and Klarich filed a motion for summary judgment.  On May 5, 2005, the court

19   granted plaintiff a thirty day extension of time to file an opposition.  Plaintiff filed an opposition on

20   June 22, 2005, and on June 28, 2005, pursuant to Federal Rule of Civil Procedure 12(f), defendants

21   filed an objection and a motion to strike on the ground that the opposition was untimely.

22         The Federal Rules of Civil Procedure do not provide for a motion to strike documents or

23   portions of documents other than pleadings.  Rule 12(f) provides that "redundant, immaterial,

24   impertinent, or scandalous matters" may be "stricken from any pleading."  Fed. R. Civ. P. 12(f)

25   (emphasis added).  A motion to strike is limited to pleadings.  Sidney-Vinstein v. A.H. Robins Co.,

26   697 F.2d 880, 885 (9th Cir. 1983).  However, a "motion to strike" materials that are not part of the

27   pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered

28   material] may properly be relied upon."  United States v. Crisp, 190 F.R.D. 546, 551 (E.D. Cal.

1

1  1999) (quoting <u>Monroe v. Board of Educ.</u>, 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to

2  strike has sometimes been used to call to courts' attention questions about the admissibility of

3  proffered material in [ruling on motions].") (citations omitted)).

4       Plaintiff's opposition was due on or before June 6, 2005, but was not filed until

5  approximately two weeks later.  Fed. R. Civ. P. 6(a); <u>Caldwell v. Amend</u>, 30 F.3d 1199, 1202 (9th

6  Cir. 1994); <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988).  While the opposition was late and was not

7  accompanied by a second request for an extension of time, the court declines to strike it from the

8  record.  The circumstances simply do not warrant depriving plaintiff of an opportunity to respond

9  to defendants' motion for summary judgment.  Plaintiff is a non-lawyer proceeding pro and is

10 incarcerated, the court has not yet taken any action on defendants' pending motion, and because there

11 is no hearing set in this matter, there are no time constraints that might cause prejudice to result if

12 the opposition is considered.  Given that there is no prejudice to defendants and no evidence in the

13 record that plaintiff has engaged in any bad faith or dilatory conduct, defendants' motion to strike

14 shall be denied.

15      Defendants' requested fifteen days within which to file a reply in the event that their motion

16 to strike was denied.  Defendants' request shall be granted.  Once defendants' reply is filed, the

17 motion for summary judgment shall be deemed submitted and will be addressed in due course.

18 Local Rule 78-230(m).

19      Accordingly, it is HEREBY ORDERED that:

20      1.      Defendants' motion to strike, filed June 28, 2005, is DENIED;

21      2.      Defendants' motion for an extension of time, filed June 28, 2005, is GRANTED; and

22      3.      Defendants have **fifteen (15) days** from the date of service of this order to file a reply

23              to plaintiff's opposition.

24 IT IS SO ORDERED.

25 **Dated:   June 29, 2005**              _____/s/ Lawrence J. O'Neill_____
   b9ed48                                UNITED STATES MAGISTRATE JUDGE
26

27

28