IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MEEKS,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN PARSONS,<br><br>                Defendant. | Case No. CIV-F-03-6700 LJO GSA<br><br>**STIPULATED PROTECTIVE ORDER** |

      Upon agreement and stipulation of the parties to the above captioned litigation (the "Action") as to this Stipulated Protective Order ("Protective Order"), it is hereby ordered:

      1.    Any and all hospital and medical records, including but not limited to mental health records, as well as any employment, personnel, disciplinary, financial, or criminal records obtained or disclosed in connection with the above-entitled litigation may be designated "Confidential" by the producing party prior to disclosure.  All documents designated "Confidential" shall be subject to this Protective Order (referred to hereafter as "Confidential Records").  The protections conferred by this Protective Order encompass any information copied or extracted from Confidential Records, as well as all copies, excerpts, summaries, or compilations thereof, including testimony, conversations, or presentations by parties or counsel in any setting, including depositions, that might reveal information contained in any Confidential Records.

1       2.      Without waiving any objections regarding the admissibility of Confidential

2 Records at trial or otherwise in this litigation, Confidential Records shall be treated as

3 confidential and shall not be used for any purpose other than the prosecution or defense of this

4 litigation, including discovery and pre-trial matters, trial, and any appeal taken herein.

5 Confidential Records shall not be used by any party for any other purposes unless agreed to in

6 writing by all parties to this Protective Order, except as required by a valid discovery request or

7 as required by a lawful subpoena or as authorized by further order of the Court.

8       3.      If any party receives a subpoena or order issued in conjunction with other litigation

9 that would compel disclosure of any Confidential Records, the subpoenaed party must notify all

10 other parties in writing immediately.  Such notice may be made by written notice to each party's

11 attorney of record herein and shall provide each party an opportunity to object to the disclosure.

12 It is the obligation of the party receiving such notice to take action to protect his or her

13 confidentiality interests.

14       4.      Confidential Records may be disclosed for purposes of this litigation to the parties,

15 insurers, attorneys, experts and consultants, and their employees and agents, deponents during

16 deposition, deposition notaries and staff, the Court and Court staff, and such other persons as may

17 be designated by written stipulation or further order of the Court.  All persons or entities to whom

18 a party discloses Confidential Records are obligated to destroy or return such records within 90

19 days of the resolution of this action, in accordance with Paragraph 6 below.  If a party discloses

20 Confidential Records to its insurers, attorneys, experts or consultants, or their employees or

21 agents, that party shall have the obligation of ensuring that such Confidential Records are

22 destroyed or returned within 90 days of the resolution of this action.

23       5.      Before the parties or their attorneys disclose Confidential Records to any person(s)

24 identified in Paragraph 4 above (excluding the parties to this case and their attorneys and staff, the

25 Court, and the Court's staff), they must: (i) inform the person receiving such Confidential

26 Records of its confidential nature and his or her duty to maintain that confidentiality;  (ii) obtain

27 his or her oral agreement to abide by the terms of this Protective Order; and (iii) inform him or

28 her that disclosure of records or information in violation of the Protective Order is punishable by

the Court.

6.  All Confidential Records of any party or third party filed with the Court for any purpose, other than at trial (the "other than at trial" exception in this paragraph shall include pre-trial submissions such as motions in limine and pre-trial statements), shall be filed under seal according to the provisions of Local Rule 39-141(c).  The party whose right to privacy is protected by a "Confidential" designation reserves the right to de-designate specific records, or portions thereof, at any time.  Specific records that are de-designated will be produced, or remain in the production, but their use will not be subject to the terms of this Protective Order.  With the exception of a named party's medical condition placed at issue in this litigation, any reference to, description and/or summary of the information contained in Confidential Records made in pleadings or other documents filed with the Court, except for use at trial, shall be made in general terms and shall not specifically identify or specifically discuss in any way past or present medical conditions, treatment, history or diagnosis.

7.  Any Confidential Records may be used by any party at the trial of this action, or in connection with any motion, pleading or hearing in this action, subject to the rules of evidence and the requirements of this Order, or such other Order as the Court may enter.  No document introduced into evidence at the trial of this matter shall bear the designation "Confidential" unless so stipulated by the parties or ordered by the Court.  This Order shall continue to be binding following the resolution of this action.  Within ninety (90) days after the final disposition of this action, all copies of Confidential Records shall be destroyed by the party in possession; provided, however, that health care provider parties shall continuously retain possession of his/her/its original documents, and that counsel shall be entitled to preserve a litigation file in this matter, including Confidential Records.  Notwithstanding the foregoing, counsel of record may retain copies of briefs and other papers filed with the Court, deposition transcripts and exhibits, attorney work-product, and counsel's file copies of papers prepared in connection with this Action that contain or constitute Confidential Records, provided that such documents are kept in confidence pursuant to the provisions of this Order.  Any Confidential Records so retained remain subject to the terms of this Protective Order, except that counsel shall be entitled to use such Confidential

1  Records in response to or defense of any administrative inquiry or proceeding arising from the
2  above-entitled litigation.
3         8.      Any third party that produces documents to any party to this action, either formally
4  or informally, shall have the right to designate and mark documents produced as "Confidential."
5  This Order shall apply to the parties' treatment of such documents designated "Confidential" by
6  third parties. Third parties designating documents "Confidential" shall have jurisdiction and
7  standing to enforce this Order in this Court against any party regarding a party's treatment of
8  documents that the third party has designated "Confidential," and third parties shall have the right
9  to seek sanctions from this Court for violation of this Order with respect to a third party's
10 Confidential Records.
11        **IT IS SO ORDERED** this 21st day of January 2009.

**/s/ Gary S. Austin**
Magistrate Judge Gary S. Austin
United States Magistrate Judge
Eastern District of California

Stipulated by and consented to:

Dated: January 21, 2009                 Respectfully submitted,

                                        By: */s/ Nickolas A. Kacprowski*
                                            Nickolas A. Kacprowski
                                            KIRKLAND & ELLIS LLP
                                            555 California Street,
                                            San Francisco, CA 94104
                                            Telephone: (415) 439-1400
                                            Facsimile: (415) 439-1500

                                            Attorneys for Plaintiff
                                            GARY MEEKS

Dated: January 21, 2009                 By: */s/ John M. Feser Jr.*
                                            John M. Feser Jr.
                                            Deputy Attorney General
                                            1300 I Street
                                            P.O. Box 944255
                                            Sacramento, CA 94244-2550
                                            Telephone: (916) 324-5118
                                            Facsimile: (916) 322-8288

                                            Attorneys for Defendant
                                            JOHN PARSONS

- 4 -
STIPULATED PROTECTIVE ORDER