# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSONS,<br><br>        Defendant. | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>ORDER DENYING DEFENDANT'S RENEWED MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 83) |

   This civil rights action was filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Gary B. Meeks, ("Plaintiff") alleged that his rights under the Eighth Amendment of the United States Constitution were violated when Defendants Parsons, Alison, DeGeus, and Klarich ("Defendants") acted with deliberate indifference to his serious medical needs.  Summary judgment was granted in favor of Defendants on December 2, 2005, and judgment was entered. Plaintiff appealed, and on July 9, 2008, the United States Court of Appeals for the Ninth Circuit reversed and remanded as to Defendant Parsons, and affirmed as to Defendants Alison, DeGeus, and Klarich.  On August 25, 2008, a second scheduling order issued.  On October 2, 2008, Plaintiff filed a motion seeking to modify the Court's second scheduling order to allow the parties to conduct further discovery.  On October 17, 2008, Defendant Parsons filed a statement of non-opposition with a request that the modification include a new deadline for filing pretrial dispositive motions.  Plaintiff filed a reply objecting to the proposed dispositive motion deadline on October 24, 2008.  Pursuant to the Court's order, Defendant filed a surreply on October 31, 2008, and with leave of Court, Plaintiff filed a response on November 3, 2008.

1    After considering the parties' requests and arguments, Plaintiff's motion for
2 modification of the scheduling order was granted. Defendant was not precluded from filing
3 another motion for summary judgment, but the Court indicated that no further pretrial dispositive
4 motions would be allowed absent a showing of newly discovered evidence and/or a change in the
5 law. On October 23, 2009, Defendant filed the present motion renewing his motion to modify
6 the scheduling order to include a deadline to file a second or renewed dispositive motion.[1]
7 Defendant argues that his motion is based on "new issues and/or newly discovered evidence."
8 However, Defendant fails to show good cause so as to allow modification of the scheduling order
9 in this case.
10    A scheduling order controls the subsequent course of an action unless it is modified by
11 the court. Fed.R.Civ.P. 16(e); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th
12 Cir. 1992). A scheduling order cannot be modified "except upon a showing of good cause."
13 Fed.R.Civ.P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.
14 2002). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking
15 the amendment, and the court may modify the scheduling order if it cannot reasonably be met
16 despite the diligence of the party seeking the extension. Johnson, 975 F.2d at 609 (citing
17 Fed.R.Civ.P. 16 advisory committee's notes). A party demonstrates good cause for the
18 modification of a scheduling order by showing that, even with the exercise of due diligence, he or
19 she was unable to meet the timetable set forth in the order. Zivkovic, 302 F.3d at 1087; Johnson,
20 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end'
21 and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087; see also Johnson,
22 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the
23 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
24 the moving party's reasons for seeking modification"). "[C]arelessness is not compatible with a
25 finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

---

[1] July 6, 2009 was the original deadline for Defendant to file such a request. However, the parties submitted a stipulation to extend the filing deadline for a request for leave to file a dispositive motion up to and including October 23, 2009, which is hereby ordered nunc pro tunc.

2

     Defendant has shown neither a change in the law, nor newly discovered evidence as defined by federal law, to wit, that the evidence was not available, or could not have been discovered earlier with the exercise of due diligence.  To the contrary, defense counsel attempts to explain the delay in discovery of the new evidence by stating that " . . . Defendants conducted all discovery necessary to obtain a favorable ruling on summary judgment while minimizing unnecessary attorney time and litigation costs against a *pro se* Plaintiff who conducted almost no discovery."  (Doc. 131, Def. Mot., 8:14-19.)  Defense counsel's calculated decision to refrain from engaging in discovery based on Plaintiff's *pro se* status does not equate to due diligence.  Further, even if the Court were to modify the scheduling order, the evidence Defendant seeks to present does not show that he would have a chance of prevailing as, for the most part, it does not address the elements on which Plaintiff's claim against Defendant was reversed and remanded by the Ninth Circuit Court of Appeals.

     Because Defendant Parsons has not shown good cause, his Renewed Motion to Modify the Scheduling Order to Include a Deadline to File a Second or Renewed Dispositive Motion, filed October 23, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   November 30, 2009**            /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE