# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN PARSONS,<br><br>        Defendant. | CASE NO. 1:03-CV-06700-LJO-GSA<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. 139)<br><br>ORDER REQUIRING DEFENDANT TO FILE A STATEMENT ADVISING FEASIBILITY OF SETTLEMENT CONFERENCE WITHIN SEVEN DAYS |

I.    <u>Order</u>

        A.    <u>Defendant's Motion for Reconsideration</u>

This civil rights action was filed pursuant to 42 U.S.C. § 1983. Plaintiff, Gary B. Meeks, ("Plaintiff") alleged that his rights under the Eighth Amendment of the United States Constitution were violated when Defendants Parsons, Alison, DeGeus, and Klarich ("Defendants") acted with deliberate indifference to his serious medical needs. Summary judgment was granted in favor of Defendants on December 2, 2005, and judgment was entered. Plaintiff appealed, and on July 9, 2008, the United States Court of Appeals for the Ninth Circuit reversed and remanded as to Defendant Parsons, and affirmed as to Defendants Alison, DeGeus, and Klarich. On August 25, 2008, a second scheduling order issued. On October 2, 2008, Plaintiff filed a motion seeking to modify the Court's second scheduling order to allow the parties to conduct further discovery. On October 17, 2008, Defendant Parsons filed a statement of non-opposition with a request that the modification include a new deadline for filing pretrial

dispositive motions. Plaintiff filed a reply objecting to the proposed dispositive motion deadline on October 24, 2008. Pursuant to the Court's order, Defendant filed a surreply on October 31, 2008, and with leave of Court, Plaintiff filed a response on November 3, 2008.

After considering the parties' requests and arguments, Plaintiff's motion for modification of the scheduling order was granted. Defendant was not precluded from filing another motion for summary judgment, but the Court indicated that no further pretrial dispositive motions would be allowed absent a showing of newly discovered evidence and/or a change in the law. On October 23, 2009, Defendant filed a renewal of his motion to modify the scheduling order to include a deadline to file a second or renewed dispositive motion.[1] Defendant argued that his motion was based on "new issues and/or newly discovered evidence." However, Defendant failed to show good cause such that his renewed motion to modify the scheduling order was denied on November 30, 2009. Defendant requests reconsideration of the order denying Defendant's renewed motion to modify the scheduling order.[2][3]

    B.    <u>Standards for Reconsideration</u>

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick*

---

[1] July 6, 2009 was the original deadline for Defendant to file such a request. However, the parties submitted a stipulation to extend the filing deadline for a request for leave to file a dispositive motion up to and including October 23, 2009.

[2] Defendant titled the present motion "Motion for Reconsideration of Order Denying Defendant Leave to File a Dispositive Motion." However, the Order on which reconsideration is sought was an order denying Defendant's renewed motion to modify the scheduling order. (Doc. 138.)

[3] This motion is being ruled on without affording Plaintiff the opportunity to file an opposition as Plaintiff will not be prejudiced since the motion is being denied.

*Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*.  When filing a motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

      Defendant fails both to show new or different facts or circumstances which did not exist at the time the Court denied Defendant's renewed motion to modify the scheduling order and to explain his failure to do so. Rather, Defendant only presents arguments and authority showing that it is proper for a defendant to raise qualified immunity on summary judgment and that such an order denying qualified immunity is immediately appealable citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985).  Defendant fails to present any arguments and/or authority to show that this Court erred in denying his renewed motion to modify the scheduling order to be allowed to file an untimely dispositive motion.  Defendant filed a timely motion for summary judgment (Doc. 30), but did not raise qualified immunity therein.  The fact that qualified immunity was not raised in Defendant's timely motion for summary judgment, or in a subsequent motion for summary judgment before the deadline for filing dispositive motions lapsed, but that he desires to do so on the eve of trial, simply does not equate to extraordinary circumstances.[4]  Defendant simply fails to present any basis to justify reconsideration of this Court's order denying leave to modify the scheduling order.

---

[4] Whether Defendant is entitled to qualified immunity will be reserved as an issue for after trial, to be addressed if a verdict is returned in Plaintiff's favor.

1     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,
2 this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,
3 the Court finds its order denying Defendant's renewed motion to modify the scheduling order to
4 be supported by the record and by proper analysis.
5     Accordingly, IT IS HEREBY ORDERED that Defendant Parson's motion for
6 reconsideration, filed December 2, 2009, is DENIED.
7     Defendant Parson shall file and serve a statement advising whether a settlement
8 conference might be productive within **seven (7) days** from the date of service of this order.
9 IT IS SO ORDERED.

**Dated:   December 7, 2009**             /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE