# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN PARSONS, M.D.<br><br>    Defendant. | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>ORDER IN RESPONSE TO DEFENDANT'S SUPPLEMENT TO PRETRIAL STATEMENT<br><br>(Doc. 142.) |

    Plaintiff Gary B. Meeks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the order issued by the United States Court of Appeals for the Ninth Circuit, this Court's order granting summary judgment was reversed and the matter remanded for further proceedings with respect to Plaintiff's Eighth Amendment medical care claim against Defendant Parsons. On December 15, 2009, Defendant filed a supplement to his pretrial statement requesting clarification of the Court's order denying his motion for reconsideration (Doc. 140) as to whether he may raise the defense of qualified immunity at the trial of this action.

    In compliance with Rule 8(c) of the Federal Rules of Civil Procedure, Defendant alleged qualified immunity as an affirmative defense in his answer. (Doc. 17, Answer, 5:7-9.) In his pretrial statement, Defendant confirmed that he had not abandoned any issues. (Doc. 137, Def. Pretrial Stmt., 16:10-12.) Thus, Defendant may raise the defense of qualified immunity at the trial of this action. The Court's statement that the issue of "[w]hether Defendant is entitled to qualified immunity [would] be reserved as an issue for after trial, to be addressed if a verdict is

1

returned in Plaintiff's favor" (Doc. 140, Order Deny. Recon., n.4, p. 3) was not intended to preclude Defendant from raising qualified immunity as a defense at the trial of this action; but rather to indicate that the affirmative defense of qualified immunity would present a legal issue for determination by the Court subsequent to any resolution of the factual conflicts in Plaintiff's favor by the jury.  *See* Fed. R. Civ. P. 50; *Tortu v. Las Vegas Metro Police Dep't.* 556 F.3d 1075, 1083 (9th Cir. 2009).

There has been no waiver of the pled defense, and therefore Defendant may raise qualified immunity as a defense at the trial of this action.

IT IS SO ORDERED.

**Dated:    December 17, 2009**              /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE