# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN PARSONS,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>ORDER ON DEFENDANT'S REQUEST FOR CLARIFICATION RE: QUALIFIED IMMUNITY AT TRIAL<br><br>(Doc. 174.) |

　　　Plaintiff Gary B. Meeks ("Plaintiff") is a state prisoner in this civil rights action pursuant to 42 U.S.C. § 1983. On December 15, 2009, Defendant John Parsons ("Defendant") filed a supplement to his pretrial statement requesting clarification of the Court's order denying his motion for reconsideration (Doc. 140) as to whether he may raise the defense of qualified immunity at the trial of this action. An order issued confirming that Defendant had not waived the qualified immunity defense and that "Defendant may raise qualified immunity as a defense at the trial of this action" (Doc. 142). On January 29, 2010 a hearing was held on the parties' motions in limine, wherein qualified immunity was briefly discussed. On February 3, 2010, Defendant filed a request for clarification inquiring "whether [Defendant] may raise qualified immunity as a defense at trial and seek the jury's verdict on factual issues relevant to Defendant's entitlement to qualified immunity as a matter of law, which the Court will ultimately decide, or whether qualified immunity may only be raised at trial in a motion under Rule 50 of the Federal Rules of Civil Procedure." (Doc. 174.)

　　　As indicated in the prior ruling on this issue, the affirmative defense of qualified

1

immunity presents a legal issue for determination by the Court only subsequent to any resolution of the factual conflicts in Plaintiff's favor by the jury. *See* Fed. R. Civ. P. 50*; Tortu v. Las Vegas Metro Police Dep't.* 556 F.3d 1075, 1083 (9th Cir. 2009).

Defendant has preserved and may raise qualified immunity as a defense at the trial of this action. As a practical matter, subsequent to the presentation of evidence and subject to Court approval, Defendant may request, in the verdict form, factual findings by the jury on specific facts that go to the issue of qualified immunity. Subsequent to any such factual findings by the jury, and upon proper motion, the Court will rule on the legal issues presented by the qualified immunity defense as a matter of law. (Fed. R. Civ. P. 50(a).) In the event that such ruling is not in Defendant's favor, Defendant is not precluded from filing subsequent motion(s) as allowed by the rules of court, civil procedure, appellate procedure, and the like. (*E.g.* Fed. R. Civ. P. 50(b); *see also Tortu*, 556 F.3d 1075; *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808 (2009).)

IT IS SO ORDERED.

**Dated:   February 5, 2010**                              /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE