# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN PARSONS,<br><br>    Defendant.<br>_____/ | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**<br><br>Trial Date: February 10, 2010, 8:30 a.m. in Courtroom 3 before the Honorable Judge Wanger |

Plaintiff Gary B. Meeks ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is proceeding to Plaintiff's Eighth Amendment medical care claim against Defendant John Parsons ("Defendant").  Motions for limine were filed by both parties and were heard on January 29, 2010 at 11:30 a.m. – Attorney Nickolas A. Kacprowski of Kirkland & Ellis LLP appeared in person on behalf of Plaintiff and Deputy Attorney General John M. Feser, Jr. appeared telephonically on behalf of Defendant.

Plaintiff's motions in limine are ruled on as follows:

**1. Defendant's Motion In Limine No. 1 To Preclude Evidence of Orders, Decisions, Comments or Recommendations by Any and All Courts Concerning the Healthcare Treatment That Inmates Receive in California Prisons.**
Ruling: GRANTED.

Evidence of orders, decisions, comments or recommendations by any and all courts concerning the healthcare treatment that inmates receive in California prisons shall be excluded at trial. Such evidence is irrelevant and unfairly prejudicial to Defendant. Federal Rules of Evidence Rule (FRE) 402, 403.

**2. Defendant's Motion In Limine No. 2 To Exclude Evidence of Any Newspaper Articles, Other Media Product or Statements Concerning Medical Care Within the California Prison System, Including but Not Limited to Substandard Medical Care Experienced by Current or Former Individuals Incarcerated in the California Prison System.**
Ruling: GRANTED.

The three documents that Plaintiff seeks to admit through this motion are 1) a document titled "Medical Services Delivery Plan. Report to the Legislature" and dated July 31, 2002; 2) a document titled "Stipulation for Injunctive Relief" filed in the case *Plata v. Schwarzenegger*, C-01-1351 TEH (N. D. Cal. February 12, 2002); and 3) a document titled "Locked Out: California Prisoners Face Poor Health Care, Indifference and Neglect Despite their Legal Right to Medical Treatment," which is a newspaper article from the San Diego Union Tribune dated June 29, 2002. These documents may not be admitted into evidence, as they are unduly prejudicial pursuant to Fed. R. Evid. 403. The documents may be used or referenced on the cross-examination of Dr. Parsons only if the proper foundation is laid.

**3. Defendant's Motion In Limine No. 3 To Exclude Any Evidence of Any Lawsuits, Complaints, Investigations or Grievances Against Dr. Parsons That Is Unrelated to Plaintiff's Alleged Injury and Treatment.**
Ruling: GRANTED.

Evidence of any lawsuits, complaints, investigations or grievances against Dr. Parsons that are unrelated to Plaintiff's alleged injury and treatment shall be excluded at trial. Such evidence is unfairly prejudicial to Defendant. FRE 403. Evidence of other specific instances of misconduct is not admissible to show Defendant's motive or to prove Defendant's character in order to show action in conformity therewith. FRE 404(b).

**4. Defendant's Motion In Limine No. 4 To Exclude Any Evidence of Defendant's Insurance or Indemnification by Defendant's Employer.**
Ruling: GRANTED.

Evidence of any evidence of Defendant's insurance or indemnification by Defendant's employer shall be excluded at trial. Plaintiff did not oppose this motion.

**5. Defendant's Motion In Limine No. 5 To Exclude Expert Testimony by Plaintiff or Plaintiff's Lay Witnesses Concerning Medical Opinions.**
Ruling: GRANTED.

Expert testimony by Plaintiff or Plaintiff's lay witnesses concerning medical opinions shall be precluded at trial. Only persons with the appropriate professional experience, training or

knowledge may give expert opinions concerning medical care. F.R.E. 702.

**6. Defendant's Motion In Limine No. 6 To Exclude the Written Reports and Testimony of Plaintiff's Expert Witness.**
Ruling: DENIED.

The written reports and testimony of Plaintiff's expert witness shall not be precluded at trial.

**7. Defendant's Motion In Limine No. 7 To Preclude Plaintiff's Expert from Testify Regarding Ultimate Opinions and Opinions Regarding Factual Determinations, Credibility of Witnesses, Legal Conclusions and from Giving Opinions That Lack Foundation.**
Ruling: GRANTED.

Plaintiff's expert is precluded at trial from giving an opinion as to any legal conclusions or an opinion on an ultimate issue of law.  Plaintiff's expert shall not give an opinion that Defendant was deliberately indifferent to Plaintiff's serious medical needs.

**8. Defendant's Motion In Limine No. 8 To Exclude Evidence of Plaintiff's Medical Care after His Transfer from Centinela State Prison When Plaintiff Was Not Receiving Medical Care from Dr. Parsons.**
Ruling: GRANTED IN PART AND DENIED IN PART.

Evidence of Plaintiff's medical care after his transfer from Centinela State Prison to SATF when Plaintiff was not receiving medical care from Defendant shall be limited at trial to Plaintiff's damages claim. Evidence may be presented at trial pertaining to Plaintiff's claim that Defendant's delay of medical care caused damage or injury to Plaintiff which would not have occurred but for the delay caused by Defendant.  Ruling is reserved on whether this evidence bears on the issue of serious medical condition.

IT IS SO ORDERED.

**Dated:   February 5, 2010**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE