# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN PARSONS,<br><br>    Defendant.<br>_____/ | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Trial Date: February 10, 2010, 8:30 a.m. in Courtroom 3 before the Honorable Judge Wanger |

Plaintiff Gary B. Meeks ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding to Plaintiff's Eighth Amendment medical care claim against Defendant John Parsons ("Defendant"). Motions for limine were filed by both parties and were heard on January 29, 2010 at 11:30 a.m. – Attorney Nickolas A. Kacprowski of Kirkland & Ellis LLP appeared in person on behalf of Plaintiff and Deputy Attorney General John M. Feser, Jr. appeared telephonically on behalf of Defendant.

Plaintiff's motions in limine are ruled on as follows:

**1. Plaintiff's Motion In Limine No. 1 To Preclude Any Evidence, Testimony, or Argument at Trial about Plaintiff's Disciplinary Record in the California Prison System and Plaintiff's Arrest Record.**
Ruling: GRANTED WITHOUT PREJUDICE.

Any evidence, testimony, or argument at trial about Mr. Meeks's disciplinary record in the California State Prison system and his arrest record are excluded as irrelevant and unduly prejudicial under Fed. R. Evid. 402 and 403. The Court's ruling is without prejudice to Plaintiff

opening the door or by a sufficient offer of proof that this evidence is relevant to transportation and/or care and was considered in this case.

**2. Plaintiff's Motion In Limine No. 2 To Preclude Any Evidence, Testimony, or Argument at Trial about His Medical Treatments by Dr. Parsons Other Than Treatment Related to the Fractured Jaw Plaintiff Suffered on January 5, 2002.**
Ruling:  DENIED.

Evidence of other treatment provided by Dr. Parsons to Mr. Meeks is relevant pursuant to Fed. R. Evid. 402.

**3. Plaintiff's Motion In Limine No. 3 To Preclude Expert Testimony from Dr. Gary Cummings, (D.D.S.) And Darinka Davis.**
Ruling: GRANTED and DENIED.

Plaintiff seeks to exclude expert testimony of Dr. Gary Cummings, a dentist, and Darinka Davis, a nurse. These witnesses have been designated as rebuttal experts to Plaintiff's expert, Dr. Stephen Grifka, a medical doctor. Dr. Cummings may testify that he diagnoses, treats, and refers broken jaws out to specialists for treatment.  He may describe his percipient observations and the actions he took with reference to Mr. Meeks's broken jaw.  Darinka Davis, R.N. may not express any expert witness opinions.  The motion is GRANTED without prejudice to Plaintiff opening the door by having Dr. Grifka testify as to general dentistry or nursing. Neither Dr. Cummings nor Nurse Davis may offer medical opinions.  Nurse Davis may testify about her job duties, experience, and any performance in this case.

**4. Plaintiff's Motion In Limine No. 4 To *Admit* Limited Evidence Showing: (1) Inadequate Access to Medical Treatment in the California Prison System During the Events of this Case; and (2) Dr. Parsons' Knowledge of Such Inadequacies.**
Ruling:  DENIED.

The three documents that Plaintiff seeks to admit through this motion are 1) a document titled "Medical Services Delivery Plan. Report to the Legislature" and dated July 31, 2002; 2) a document titled "Stipulation for Injunctive Relief" filed in the case *Plata v. Schwarzenegger*, C-01-1351 TEH (N. D. Cal. February 12, 2002); and 3) a document titled "Locked Out: California Prisoners Face Poor Health Care, Indifference and Neglect Despite their Legal Right to Medical Treatment," which is a newspaper article from the San Diego Union Tribune dated June 29, 2002. These documents may not be admitted into evidence, as they are unduly prejudicial pursuant to Fed. R. Evid. 403. The documents may be used or referenced on the cross-

examination of Dr. Parsons only if the proper foundation is laid.

IT IS SO ORDERED.

**Dated:   February 5, 2010**                         /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE