# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MEEKS,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN PARSONS,<br><br>                    Defendant.<br>_____ / | CASE NO. 1:03-cv-06700-LJO-GSA PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR NON-PARTY WITNESS TO TESTIFY AT TRIAL BY VIDEO CONFERENCE FROM A DIFFERENT LOCATION [FRCP 43(a)]<br><br>(Doc. 170)<br><br>Trial Date: February 10, 2010, 8:30 a.m. in Courtroom 3 before the Honorable Judge Wanger |

Plaintiff Gary B. Meeks ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2010, Defendant John Parsons, M.D. ("Defendant") filed a request for an order allowing non-party witnesses, Darinka Davis, R.N., Candy Cook, Gary Cummings, D.D.S., and Martin Levin, M.D. ("the Centinela witnesses") to testify at trial by video conference from Centinela State Prison ("C.S.P.") under Rule 43(a) of the Federal Rules of Civil Procedure. (Doc. 170.) Due to the proximity and brevity of the trial in this matter, Plaintiff was ordered to file any opposition to Defendant's motion no later than 12:00 p.m. (noon) on Friday, February 5, 2010. (Doc. 171.) Plaintiff did not file any opposition.

Federal Rule of Civil Procedure 43(a) requires that a "witnesses' testimony must be taken in open court," but provides that "[f]or good cause in compelling circumstances and with appropriate safe-guards, the court may permit testimony in open court by contemporaneous transmission from a different location."

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, . . .

Fed. R. Civ. P. 43 Adv. Comm. Notes (1996).

Defendant presents affidavit testimony that in order for the Centinela witnesses to appear to testify in person at the trial of this matter, would require them to travel approximately 400 miles which requires approximately 7 hours of travel time by automobile – one way. Thus, requiring their personal attendance at the trial of this action would necessarily encompass at least three days (one day to travel to Fresno, one day for testimony, and one day to travel home). Defendant argues that he subpoenaed the Centinela witnesses mainly as rebuttal witnesses and that he may not actually call any of them to testify, such that requiring them to travel to Fresno for the trial might end up a completely superfluous endeavor. Defendant also submits affidavits that testimony via video conference at C.S.P. would only require approximately two to three hours of each witnesses' time and thus is a feasible alternative to requiring the personal appearance of the Centinela witnesses.

The length of time and distance to be traveled by a witness, without more, does not warrant allowing a party to present witness testimony at trial via video conference. However, Defendant also presents affidavits from Nurse Davis and Dr. Levin which appear to show compelling circumstances so as to amount to good cause to allow them to testify via video conference.

Defendant presents an affidavit signed by Nurse Davis that: her husband has been diagnosed with liver cancer; on February 2, 2010, her husband will be hospitalized at UCSD in San Diego to undergo an invasive chemotherapy procedure in which doctors will go through his femoral artery to a lesion on his liver and inject chemotherapy medication; this is a dangerous

1 procedure which could result in serious complications; he will remain in the hospital at least
2 three days after the procedure and will have many subsequent follow-up appointments – the
3 circumstances of which are currently unknown, but such will almost certainly take place in San
4 Diego during the week of the trial in this action; Nurse Davis is the only person available to take
5 her husband to his follow-up appointments and will be his primary caretaker at home after he is
6 discharged from the initial procedure at UCSD; and in light of her husband's medical condition,
7 personal appearance by Nurse Davis in Fresno for the trial would constitute a significant hardship
8 for her.

9 Defendant presents an affidavit signed by Dr. Levin that: he is the Chief Medical Officer
10 at C.S.P.; C.S.P. currently houses approximately 4,500 inmates; there currently is no Chief
11 Physician and Surgeon at C.S.P.; one doctor at C.S.P. is out this week with kidney stones, and it
12 is not known if he will be back next week; one Nurse Practitioner at C.S.P. is out for the next
13 two weeks for family illnesses; it was recently learned that another doctor at C.S.P. may be gone
14 next week due to his son's injury and possible surgery; if Dr. Levin is required to personally
15 attend the trial of this action, the Primary Care Panel at C.S.P. may not be able to adequately
16 cover the inmates' medical needs; and that allowing Dr. Levin to testify via video conference at
17 C.S.P. would minimize any possible adverse affect on the medical needs of the C.S.P. inmate
18 population.

19 Defendant does not present any affidavits, or arguments, to show good cause to allow Ms.
20 Cook and Dr. Cummings to testify at trial via video conference.

21 Based on the showing of exigent circumstances applicable to Nurse Davis and Dr. Levin,
22 Defendant has shown good cause to allow Nurse Davis and Dr. Levin to testify via video
23 conference, under Rule 43 of the Federal Rules of Civil Procedure. Thus, Defendant's motion to
24 allow Nurse Davis and Dr. Levin to testify via video conference is GRANTED.

25 Defendant has not shown any exigent circumstances applicable to Ms. Cook and/or Dr.
26 Cummings so as to meet the requirements of Rule 43 of the Federal rules of Civil Procedure.
27 Thus, Defendant's motion to allow Ms. Cook and Dr. Cummings to testify via video conference
28 is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   February 5, 2010**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE