Nickolas A. Kacprowski, Bar No. 242684
nickolas.kacprowski@kirkland.com
Joshua D. Hurwit, Bar No. 263108
joshua.hurwit@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Telephone:    415 439-1400
Facsimile:    415 439-1500

Attorneys for Plaintiff
GARY MEEKS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MEEKS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN PARSONS,<br><br>　　　　　　　　　　　　Defendant. | Case No. CIV-F-03-6700 OWW GSA<br><br>**JURY TRIAL DEMANDED**<br><br>**AMENDED ORDER REGARDING DEFENDANT'S REQUEST FOR NON-PARTY WITNESS TO TESTIFY AT TRIAL BY VIDEO CONFERENCE FROM A DIFFERENT LOCATION**<br><br>Trial Date: February 10, 2010<br>Time: 8:30 a.m.<br>Department: 3 (Hon. Oliver W. Wanger) |

　　　　Defendant John Parsons filed a Request For Non-Party Witnesses To Testify At Trial By Video Conference From A Different Location.  After the Court issued an order granting the request in part and denying the request in part, Plaintiff moved to reconsider.  Because the Court had not received or reviewed Plaintiff's opposition for the Request, filed before the Court's order, the Court ordered the matter set for telephonic hearing in Courtroom 3, Hon. Oliver W. Wanger presiding, of this Court on February 9, 2010.  Nickolas Kacprowski appeared on behalf of Plaintiff Gary Meeks.  John M. Feser Jr. appeared on behalf of Defendant John Parsons.  Having read the motions, the memoranda, the declarations, and having heard argument of counsel, the Court ORDERS as follows:

　　　　1.　　　　<u>Defendant's motion to have Darinka Davis testify by video transmission from a</u>

PDF created with pdfFactory trial version www.pdffactory.com

different location is DENIED. To the extent Defendant wishes to offer Ms. Davis's testimony, Defendant shall offer it through deposition designations to be submitted on February 9, 2010. Plaintiff may make objections and counter deposition designations on February 10, 2010. If Defendant wishes to take an additional deposition of Ms. Davis in order to obtain rebuttal testimony, Defendant must make an offer of proof at the appropriate point during trial and explain why the proffered testimony is not covered by Ms. Davis's existing deposition testimony and is an appropriate topic for rebuttal testimony. If the Court grants a request to take an additional deposition, the deposition shall be taken telephonically and be videotaped on the witness's end.

2.  Defendant's motion to have Martin Levin, M.D., testify by video transmission from a different location is DENIED. To the extent Defendant wishes to offer Dr. Levin's testimony, Defendant shall offer it through deposition designations to be submitted on February 9, 2010. Plaintiff may make objections and counter deposition designations on February 10, 2010. If Defendant wishes to take an additional deposition of Dr. Levin in order to obtain rebuttal testimony, Defendant must make an offer of proof at the appropriate point during trial and explain why the proffered testimony is not covered by Dr. Levin's existing deposition testimony and is an appropriate topic for rebuttal testimony. If the Court grants a request to take an additional deposition, the deposition shall be taken telephonically and be videotaped on the witness's end. As Dr. Levin has not been properly disclosed as an expert or rebuttal expert, Dr. Levin, may not offer expert testimony at trial.

3.  Defendant's motion to have Candi Cook and Gary Cummings, D.D.S., testify by video transmission is DENIED.

**IT IS SO ORDERED.**

Dated: February 9, 2010         /s/ OLIVER W. WANGER
                                 UNITED STATES DISTRICT COURT JUDGE