UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY MEEKS, | ) | 1:03-cv-6700 OWW |
| | ) | |
| Plaintiff, | ) | ORDER RE: DEFENDANT'S BILL |
| | ) | OF COSTS |
| v. | ) | |
| | ) | |
| JOHN PARSONS, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff, Gary Meeks, objects to Defendant John Parsons, M.D.'s Bill of Costs following a jury trial, verdict and judgment for Defendant and against Plaintiff.

    Plaintiff filed this action in forma pauperis in November 26, 2003.  On December 22, 2003, Plaintiff's request to proceed in forma pauperis was granted pursuant to 28 U.S.C. § 1915.  Mr. Meeks' status as indigent has not been contested at any time prior nor with respect to this motion.  Plaintiff was represented by Kirkland & Ellis LLP by Nicholas A. Kacprowski, Esq. and Joshua D. Herwitt, Esq.  Defendant was represented by Deputy Attorney General John M. Feser Jr., Esq.

    This case arose out of the Eighth Amendment claim by Plaintiff that Dr. Parsons, his primary care doctor at Centinela

State Prison, was deliberately indifferent to Plaintiff's serious medical needs in failing to treat Plaintiff's fractured jaw, while incarcerated at Centinella State Prison, which resulted in months of pain and suffering and the loss of Plaintiff's upper teeth.

In prior rulings, the Ninth Circuit reversed a summary judgment which had been granted in favor of Dr. Parsons.  A motion for judgment as a matter of law brought by the Defendant was denied during the jury trial upon the finding that the evidence raised issues of fact whether Defendant was deliberately indifferent to the serious medical needs of Plaintiff.  The jury, in its verdict, found that Plaintiff had a serious medical need and that Dr. Parsons knew of that serious medical need.  The jury did not find that Dr. Parsons was deliberately indifferent to Plaintiff's known serious medical need.

## I.  STATEMENT OF THE CASE

Plaintiff asserts that he cannot pay the costs sought to be recovered in the amount of $7448.04 by virtue of his indigency. Further, that the Court has discretion to deny recovery of costs, even if not a prevailing party, to encourage civil rights claims and the public interest in maintaining effective prison medical care.

## II.  LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) and Eastern District of California Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to the requirements of 28

U.S.C. § 1920 (defining taxable costs).  Rule 54(d)(1) provides: "[U]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."  "By its terms the rule creates a presumption in favor of awarding costs to a prevailing party, but vest in the District Court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 791 (9th Cir. 2000).  If a District Court declines to award costs to a prevailing party, the Court must explain "why, in the circumstances, it would be inappropriate or inequitable to award costs."  *Id.* at 593.

Whether to award costs against a Plaintiff in a civil rights case is determined by, and the Court must consider, the financial resources of the Plaintiff, and the amount of costs sought by the Defendant.  *Stanley v. Univ. of S.Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  The Plaintiff is without financial resources.  The law provides that given a Plaintiff's financial resources and the amount of the potential award here, approximately $7,450.00, the Court should evaluate whether awarding costs may chill similar civil rights litigation in the future.  *Stanley* at 1080. ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this Nation since *Brown v. Board of Education*, 347 U.S. 483 (1954).")  The Ninth Circuit also recognizes that denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the Plaintiff's position was "not without merit."  *Ass'n. of Mexican-Am. Educators*, 231 F.3d at 593.  Mr. Meeks is without resources

3

or the ability to pay the cost bill.  He asserts similar claims by others will be discouraged.  He argues the potential consequence is to effectively immunize prison officials from consequences of failing to treat an inmate's known serious medical needs.  He further argues protecting the civil rights of prisoners is a matter of substantial importance, regardless of an individual's wealth or poverty.

Here, evidence shows substantial delays in rendering medical treatment to Mr. Meeks who suffered substantial pain during that time.  Failed communications and other circumstances concerning some delay in follow-up by Dr. Parsons gave sufficient credibility to the claim to prevent disposition as a matter of law.  Plaintiff has been represented pro bono by highly qualified and experienced lawyers, who have represented Plaintiff throughout the case on a pro bono basis.  Indigency is factor the Court is to consider.  Here, there is no contrary evidence in the record to show that Mr. Meeks does not continue to be indigent or that he has any means to pay a cost award of $7,450.00.

## III.  CONCLUSION

Based on the totality of the circumstances, an award of the costs sought against Plaintiff would be inequitable, because he is without resources and an award has the potential to chill meritorious civil rights actions, to remedy denial of appropriate medical treatment for prisoners with known serious medical needs. Dr. Parsons was represented by the Attorney General of the State of California and there is no evidence that he has any out-of-pocket expense in the defense of this lawsuit or that he has

4

**personally incurred the costs here sought to be recovered.  For all these reasons, the objection to the Bill of Costs is SUSTAINED and Defendant's motion to recover costs is DENIED.**

IT IS SO ORDERED.

**Dated:   July 21, 2010**               /s/ Oliver W. Wanger
                              UNITED STATES DISTRICT JUDGE